IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN, DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. |
| MENDOTA RESTAURANTS, INC. and DEVANG BRAHMBHATT d/b/a TACO BELL/KFC RESTAURANT, | ) ) ) ) ) JURY TRIAL DEMANDED |
| Defendants. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jennifer Valdez ("Valdez") and a class of female employees who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendants Mendota Restaurants, Inc. and Devang Brahmbhatt d/b/a Taco Bell/KFC Restaurant (hereinafter collectively referred to as "Defendants") discriminated against Valdez and a class of female employees by subjecting them to sexual harassment and/or constructive discharge as a result of the sexual harassment. EEOC further alleges that Defendants retaliated against Valdez and a class of female employees by discharging or constructively discharging them after they complained of the sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants have continuously been corporations doing business in the State of Illinois and have continuously had at least fifteen (15) employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Valdez filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Mendota Restaurant, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2009, Defendants have engaged in unlawful employment practices at its facility in Mendota, Illinois, in violation of Section 703(a) of Title VII, 42 U.S.C.

§§2000e-2(a). These practices include, but are not limited to, sexually harassing Valdez and a class of female employees by creating and tolerating a sexually hostile work environment through unwelcome touching, sexual assaults, sexual advances and offensive comments of a sexual nature, and/or constructively discharging them as a result of the sexual harassment.

8. Since at least August 2009, Defendants have engaged in unlawful employment practices at its Mendota, Illinois, location in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). These practices include, but are not limited to, subjecting Valdez and a class of female employees to retaliation by discharging or constructively discharging them after they complained of sexual harassment.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Valdez and a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Valdez and a class of female employees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with Defendants, from engaging in any employment practices which discriminate on the basis of sex and/or retaliation;

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

C. Order Defendants to make whole Valdez and a class of female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including, but not limited to, rightful place reinstatement;

D. Order Defendants to make whole Valdez and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial;

E. Order Defendants to make whole Valdez and a class of female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendants to pay punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

David Lopez
General Counsel

Jerome Scanlan
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507


_s:/John C. Hendrickson___
John C. Hendrickson
Regional Attorney


_s:/Diane I. Smason_____
Diane I. Smason
Supervisory Trial Attorney


_s:/June Wallace Calhoun_
June Wallace Calhoun
Trial Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL 60661
312.869.8103