IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | Case Nos. 11 C 6845 |
| | ) ) | |
| MENDOTA RESTAURANTS, INC., | ) ) | Magistrate Judge Susan E. Cox |
| Defendant. | ) ) ) | |

## CONSENT DECREE

### THE LITIGATION

1.     On September 29, 2011, Plaintiff United States Equal Employment Opportunity Commission (the "EEOC" or "Commission") filed its Complaint in this action, Case No. 11 C 6845, alleging that Defendant Mendota Restaurant, Inc. ("Defendant") violated Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 by discriminating against Charging Party Jennifer Valdez ("Charging Party") and a class of female employees by subjecting them to sexual harassment and/or constructive discharge as a result of the sexual harassment. EEOC further alleged that Defendant retaliated against Charging Party and a class of female employees by discharging or constructively discharging them after they complained of the sexual harassment, in violation of Title VII.

2.     In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally

resolves any and all issues and claims arising out of the Complaint filed by EEOC.

## FINDINGS

3.      Having examined the terms and provisions of this Decree, and based on the

pleadings, record, and stipulations of the parties, the Court finds the following:

> A.      This Court has jurisdiction of the subject matter of these actions and
>
> of the parties to these cases;
>
> B.      The terms of this Decree are adequate, reasonable, equitable and just,
>
> and the rights of the parties, class members, and the public interest are
>
> adequately protected by this Decree; and
>
> C.      This Decree conforms to the Federal Rules of Civil Procedure and
>
> Title VII, and is not in derogation of the rights or privileges of any
>
> person. The entry of this Decree will further the objectives of Title VII
>
> and will be in the best interests of the parties, class members, and the
>
> public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## INJUNCTION

4.      Defendant Mendota Restaurants, Inc., its directors, officers, agents, assigns,

successors, and all those acting in concert with them are enjoined from (A) engaging in any

employment practice which discriminates on the basis of sex; (B) engaging in sexual harassment or

discrimination of any employee or applicant for employment; (C) engaging in gender-based

harassment of any employee; and/or (D) creating, facilitating or tolerating the existence of a work

environment that is sexually hostile to employees.

5.      Defendant Mendota Restaurants, Inc., its directors, officers, agents, assigns, and

and successors are enjoined from retaliating in any way against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under or benefited from this Decree.

## MONETARY RELIEF

6.     Defendant Mendota Restaurants, Inc. shall pay total monetary relief of $150,000 to Charging Party and a class of females ("claimants") in the amounts set forth opposite their respective names below. This amount shall be paid in three payments of $50,000 each, the first payment to be made within five (5) days of entry of this Consent Decree, or within 48 hours of Defendant Mendota Restaurant, Inc.'s receipt of the release, whichever is later.

7.     The second payment shall be due on the first anniversary date of the entry of this Consent Decree.

8.     Payment of the final $50,000 to be paid, or caused to be paid, under this Consent Decree by Defendant is guaranteed personally by Defendant's owners Devang Brahmbhatt and Sunny Barot as identified in the Guaranty of Future Payments annexed to this Consent Decree as Exhibit A and incorporated herein by reference, and shall be due on the second anniversary date of the entry of this Consent Decree. This Court shall retain jurisdiction under this Decree until all amounts due have been paid or caused to be paid.

9.     Acting in its discretion and subject only to final approval by the Court, EEOC exclusively determined the amount of monetary relief that each claimant shall receive. In doing so, EEOC considered the following factors: i) severity of sexual harassment/retaliation; ii) duration of sexual harassment/retaliation; iii) extent of harm; iv) whether the claimant was discharged or constructively discharged; v) whether the claimant complained to any supervisor, manager or owner regarding her allegations of sexual harassment/retaliation; and vi) whether, and if so, the extent to

which, the claimant complained to EEOC and cooperated in EEOC's investigation and this litigation.

10. Based upon the factors identified in paragraph 9, above, each claimant shall receive the following amounts from each of three payments:

| Claimant Name | Each Payment Amount | Total Payment Amount |
| --- | --- | --- |
| Jennifer Valdez | $ 8,000 | $ 24,000 |
| Michelle Elwell | $ 8,000 | $ 24,000 |
| Veronica Foster | $ 8,000 | $ 24,000 |
| Cheyenne Work | $ 8,000 | $ 24,000 |
| Danielle Miller | $ 5,000 | $15,000 |
| Caitlin Panas | $ 5,000 | $15,000 |
| Deanna Brock | $ 2,000 | $ 6,000 |
| Amber Schnable | $ 2,000 | $ 6,000 |
| Lisa Walker | $ 1,000 | $ 3,000 |
| Starla Hughes | $ 1,000 | $ 3,000 |
| Caitlin Koskosky | $ 1,000 | $ 3,000 |
| Meghann Richards | $ 1,000 | $ 3,000 |

11. EEOC will mail a copy of the release agreement (attached hereto as Exhibit B) to Charging Party and each claimant. Each claimant must execute and return a release agreement to EEOC. EEOC will send to Defendant Mendota Restaurant, Inc. the executed release agreements received from the claimants.

12. Defendant shall issue and deliver to each person identified in paragraph 10 cashier's checks payable to each such person in the total amounts set forth above by mailing said payment via certified mail or a commercial overnight delivery service (i.e., UPS or FedEx which will provide

proof of delivery and parcel tracking services) to the address for that individual as provided to counsel for Defendant by counsel for EEOC. Counsel for Defendant shall provide copies of all checks to counsel for EEOC within five (5) business days of the time the checks are mailed. Defendant Mendota Restaurant, Inc. will timely issue an Internal Revenue Service Form 1099 to each person identified in paragraph 10 for each payment. The payments are for damages and Defendant will not make any withholdings.

## POSTING OF NOTICE

13.    Within ten (10) business days following entry of this Decree, Defendant Mendota Restaurant, Inc. shall post a same-sized copy of the Notice attached as Exhibit C to this Decree in a conspicuous location easily accessible to and commonly frequented by Defendant's employees. Defendant shall ensure that the posting is not altered, defaced or covered by any other material. Defendant shall certify to EEOC in writing within ten (10) business days after entry of this Decree that the copy of the Notice has been properly posted and identify the location of such posting. The Notice shall remain posted for a period of three (3) years from the date of entry of this Decree. Defendant shall permit a representative of EEOC to enter Defendant's premises for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice.

## APPOINTMENT OF MONITOR

14.    There shall be an independent Monitor, who will have the responsibility to investigate independently and confidentially any and all complaints of sexual harassment and retaliation reported to Defendant Mendota Restaurant, Inc. or directly to the Monitor; make recommendations to Defendant regarding the appropriate disciplinary or corrective action to take to resolve a complaint of sexual harassment or retaliation; and maintain detailed written records of all complaints of sexual harassment or retaliation, the investigation of such complaints, and the

resolution of such complaints.

15.     The Monitor shall be Dana M. Pearl of The Human Organization, Inc.  In the event

Ms. Pearl can no longer serve as the Monitor, Defendant shall have thirty (30) calendar days from

the date it is notified that the Monitor will be unavailable to continue his/her duties for the duration

of the Consent Decree to identify to EEOC by name, address, and telephone number a new

independent Monitor.  EEOC shall have fourteen (14) calendar days from the date of receipt of the

information described above to accept or reject the new Monitor.  In the event EEOC does not

approve Defendant's alternate proposed Monitor, Defendants shall have fourteen (14) calendar days

to identify an alternate Monitor.  EEOC shall have fourteen (14) calendar days from the date of

receipt of the information described above to accept or reject the alternate Monitor.  In the event

that the parties cannot agree upon a Monitor, the dispute shall be submitted to the Court for final

resolution.

16.     Defendant shall notify the Monitor of all complaints of sexual harassment or

retaliation reported to Defendant and shall transmit to the Monitor all documentation of each such

complaint reported to Defendant as soon as practicable and, in any event, no later than the close of

the next business day after Defendant receives any such complaint.

17.     Defendant shall inform all employees of the appointment and function of the Monitor

both in writing and orally within fourteen (14) calendar days of the appointment of such Monitor,

and each individual who makes a complaint (whether oral or written) to Defendant shall again

receive, upon making a complaint, a written notice informing him/her of the existence and function

of the Monitor.  Both the initial notice and the notice distributed upon receipt of a complaint shall

provide the name, telephone number and address at which the Monitor may be reached.

18.     Defendant shall fully cooperate with the Monitor in connection with his/her efforts to

investigate complaints of sexual harassment or retaliation, including providing reasonable access to

employees, documents, and any other sources of information within seven (7) days of Defendant's receipt of the complaint. The Monitor, as he/she deems it necessary or appropriate, shall have access to Defendant's facility.

19.     In the event the Monitor determines that any employee of Defendant has engaged in sexual harassment or retaliation, Defendant shall take all necessary and appropriate remedial measures, as recommended by the Monitor, unless Defendant can demonstrate to the satisfaction of the Monitor, EEOC or the Court that such recommendation would pose an actual and substantial threat to the continued operation or solvency of Defendant. If Defendant determines that additional remedial measures beyond those recommended by the Monitor are necessary and appropriate, Defendant may take such additional remedial measures, but must at a minimum take the remedial measures recommended by the Monitor, subject to the provisions above.

20.     Defendant shall be responsible for compensating the Monitor at his/her customary rate, and Defendant shall pay any and all reasonable costs and expenses of the Monitor that the Monitor deems necessary or appropriate to fulfill his/her work as the Monitor.

## SEXUAL HARASSMENT POLICY

21.     Defendant shall amend its sexual harassment policy within thirty (30) calendar days after entry of this Decree to include:  a provision that employees can complain of sexual harassment and/or retaliation to any person in the chain of command above the employee or to the Monitor, whose name, address and telephone number shall be included in the policy.

22.     The inclusion of this paragraph in the Decree does not represent EEOC's or the Court's approval of Defendant's policy against sexual harassment and retaliation.

23.     Within thirty (30) calendar days after entry of this Decree, Defendant shall distribute a copy of the policy to all current employees and shall provide a copy of the policy to EEOC.

24.     The policy shall be included in any relevant policy or employee manuals kept by

Defendant. The policy shall also be posted in conspicuous and accessible places for all employees of Defendant Mendota Restaurants, Inc.

25.     A copy of the policy shall be distributed to each new employee on the day the employee is hired. The manager responsible for distributing the policy to each new employee shall review the contents of the policy with the employee.

### TRAINING

26.     Defendant Mendota Restaurants, Inc. shall provide training on the requirements of Title VII as follows:

A.     Defendant shall retain an outside trainer to provide training for all employees annually during each of the three (3) years covered by this Decree with respect to the prevention and eradication of sexual harassment and retaliation from the workplace. Devang Brahmbhatt and Manuel Perez and anyone else responsible for enforcing Defendant's policy against sexual harassment shall each be required to attend annual training sessions separate from Defendant's other employees, as described in more detail below.

B.     The training for Defendant's employees (other than Devang Brahmbhatt and Manuel Perez) shall include (but need not be limited to) a detailed discussion of the law, the policy and complaint procedure adopted pursuant to the Consent Decree, and the role of the Monitor.

C.     During the period covered by this Consent Decree, Devang Brahmbhatt, Manuel Perez and anyone else responsible for enforcing Defendant's policy against sexual harassment shall each receive training (separate from the employee training) annually during the three (3) year period of the Decree on the prevention and eradication of sexual harassment and retaliation from the workplace. Devang Brahmbhatt, Manuel Perez and anyone else responsible for enforcing Defendant's policy against sexual harassment shall each receive additional training if the trainer deems that additional training is necessary. The training shall include, but need not be

limited to, a detailed discussion of the law, Devang Brahmbhatt, Manuel Perez and anyone else responsible for enforcing Defendant's policy against sexual harassment obligations to maintain a work environment free of sexual harassment and retaliation, and the effects of sexual harassment and retaliation on its victims.

D.     Defendant shall first provide training to all employees, including the training for Devang Brahmbhatt, Manuel Perez and anyone else responsible for enforcing Defendant's policy against sexual harassment, within ninety (90) calendar days of the entry of this Consent Decree. The second training for Devang Brahmbhatt, Manuel Perez and others responsible for enforcing Defendant's policy against sexual harassment shall be in the second year of the Decree.

E.     A registry of attendance for each training session shall be retained by Defendant for the duration of the Consent Decree.

27.     Defendant shall obtain EEOC's approval of its proposed trainer prior to each training session. Defendant shall submit the name, address, telephone number, resume, and training proposal of the proposed trainer, including all materials anticipated to be distributed during the training, together with the date(s) of the proposed training sessions to EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event EEOC does not approve Defendant's designated trainer(s), Defendant shall have thirty (30) calendar days to identify an alternate trainer. EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. In the event EEOC does not approve Defendant's alternate trainer, and the parties cannot agree upon a trainer, the dispute shall be submitted to the Court for final resolution. Prior to the trainings, the trainer shall be allowed to familiarize himself/herself with the allegations of this case by means of communicating with counsel for any party and/or reviewing

documents provided by counsel of any party.

28.     Defendant shall provide EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

29.     Defendant shall certify to EEOC in writing within five (5) business days after each required individual and group training has occurred that the training has taken place and that the required personnel have attended.  Such certification shall include:  A) the dates, location and duration of the trainings; B) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and C) a listing of all current employees as of the date of the training.

## RECORD KEEPING

30.     For the duration of this Decree, Defendant Mendota Restaurants, Inc. shall maintain and make available for inspection and copying by the EEOC the following records: all documents and records which refer or relate to employee complaints regarding alleged sexual harassment and/or retaliation made subsequent to the entry of this Decree.  Such records shall include the name of the complainant, the date of the complaint, what was alleged, the name of any witnesses, what actions Defendant took to resolve the complaint, if any, and the resolution of the complaint.

31.     Defendant Mendota Restaurant, Inc. shall make all documents or records referred to in Paragraphs 30 above available for inspection and copying within ten (10) business days after the EEOC so requests.  In addition, Defendant shall make available all persons within its employ whom the EEOC reasonably requests for the purpose of verifying compliance with this Decree, and shall permit the EEOC to enter Defendant's premises during regular business hours for such purpose on five (5) business days' advance notice by EEOC.

32.     Nothing contained in this Decree shall be construed to limit any obligation Defendant may otherwise have to maintain records under Title VII or any other law or regulation.

## REPORTING

33.     Every six (6) months after entry of this Decree and for the term of this Decree, Defendant and the Monitor shall jointly provide to the EEOC a written report containing a description of each complaint of sexual harassment and/or retaliation, including the name of the complainant, the date of the complaint, what was alleged, the names of any witnesses, a summary of any investigation of the complaint, and the resolution of the complaint.  If no employee has made such a complaint, Defendant and the Monitor shall submit a signed statement so stating.  The first report shall be provided six (6) months after entry of the Consent Decree.  The final report shall be provided twenty-one (21) calendar days prior to expiration of the Consent Decree.

34.     Every six (6) months after entry of this Decree and for the term of this Decree, Defendant shall provide to EEOC the information recorded and maintained pursuant to Paragraph 33 above.  The first report shall be provided six (6) months after entry of the Consent Decree.  The final report shall be provided twenty-one (21) days prior to expiration of the Consent Decree.

35.     Every six (6) months after the entry of this Decree and for the term of this Decree, Defendant shall certify to the EEOC that the Notice required to be posted in Paragraph 8, above, has remained posted during the entire six (6) month period preceding the certification.

## DISPUTE RESOLUTION

36.     In the event that any party believes that another party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fifteen (15) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) calendar days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

37.　　All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 36 above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

38.　　The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant Mendota Restaurants, Inc. and any successor(s) of Defendant shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with either Defendant or any successor of either Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

39.　　Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

40.　　If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

41.　　When the Decree requires the submission by Defendants and/or Respondent of documents to the EEOC, they shall be mailed to: June Wallace Calhoun, Mendota Restaurants, Inc. Settlement, Equal Employment Opportunity Commission, Chicago District Office, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. When the Decree requires the submission by the EEOC of documents, they shall be mailed to: Michael Gifford, Howard & Howard, 211 Fulton Street, Suite 600, Peoria, Illinois 61602.

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

P. David Lopez
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
500 W. Madison St., Ste. 2000
Chicago, IL 60661


__s:/ John C. Hendrickson_____
John Hendrickson
ARDC # 1187589
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8099
Fax: (312) 869-8124
E-Mail: john.hendrickson@eeoc.gov


s:/Diane I. Smason_____
Diane I. Smason
ARDC # 6626130
Attorney for Plaintiff

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 353-7526
Fax: (312) 869-8124
E-Mail: diane.smason@eeoc.gov


s:/June Wallace Calhoun
June Wallace Calhoun
ARDC # 6202058
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8103
Fax: (312) 869-8124
E-Mail: june.calhoun@eeoc.gov


s:/Laura R. Feldman
Laura R. Feldman
ARDC # 6296356
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8108
Fax: (312) 869-8124
E-Mail: laura.feldman@eeoc.gov


For Defendant Mendota Restaurants, Inc.:


s:/Michael D. Gifford
Attorney Michael D. Gifford

211 Fulton Street, Suite 600
Peoria, IL 61620
(309) 999-6329
mgifford@HowardandHoward.com

*Devang Brambhatt*
Devang Brahmbhatt, President
Dated: December 20 , 2012

For the United States District Court Northern
Division:

Hon. Magistrate Judge Susan E. Cox

# EXHIBIT A

## GUARANTY OF FUTURE PAYMENT

The undersigned, Devang Brahmbhatt and Sunny Barot, individuals ("Guarantors"), in consideration of the settlement of the claims alleged by the U.S. Equal Employment Opportunity Commission ("EEOC") in the matter of *EEOC v. Mendota Restaurants, Inc.*, 11 C 6845, (the "Lawsuit") does personally, hereby unconditionally guarantee the future and final payment of monetary relief (a total of $50,000) as detailed in Paragraphs 6-8 of the Consent Decree, entered into as part of the Lawsuit, a copy of which is attached hereto and made a part hereof (the "Consent Decree").

Devang Brahmbhatt and Sunny Barot each acknowledge, represent and warrant that he is a principal owner of Defendant Mendota Restaurants, Inc. and that Defendant Mendota Restaurants, Inc.'s agreement to the Consent Decree, with the Guaranty of Future Payment, is in the best interest of Devang Brahmbhatt, Sunny Barot and Mendota Restaurants, Inc. and that the EEOC's agreement to the Consent Decree, with the Guaranty of Future Payment of Devang Brahmbhatt and Sunny Barot, constitutes good and sufficient consideration for such Guaranty of Future Payment by Devang Brahmbhatt and Sunny Barot.

It is recognized and agreed that this Guaranty of Future Payment is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the agreement of the Guarantors to execute this Guaranty of Future Payment.

The Guarantors also agree that EEOC is not first required to enforce against Defendant Mendota Restaurants, Inc., with respect to any liability, obligation, or duty guaranteed by this Guaranty of Future Payment, before seeking enforcement thereof against the Guarantors. EEOC and the Guarantors acknowledge that this is a Guaranty of Future Payment and not a Guaranty of Collection.

The parties hereto acknowledge that a lawsuit may be brought and maintained against the Guarantors, as provided in the Consent Decree, subject to the cure provision found at Paragraph 36 therein, to enforce any liability, obligation or duty guaranteed by this Guaranty of Future Payment, without the necessity of joining Mendota Restaurants, Inc. or any other person or entity in such lawsuit.

As detailed in Paragraph 8 of the Consent Decree, the Guarantors hereby guarantee the future and final payment of $50,000 associated with the enforcement of the Consent Decree.

Should Mendota Restaurants, Inc. miss any timely payment under Paragraphs 6-8 of the Consent Decree, the Guarantors hereby agree that any litigation and/or action related to or arising from this Guaranty shall be brought only in the United States District Court for the Northern District of Illinois, Eastern Division, in accordance with the enforcement provisions in the Consent Decree.

EXECUTED to be effective as of this _____ day of December, 2012
GUARANTORS:


_____               _____
Devang Brahmbhatt,                             Sunny Barot,
Individually and Personally                    Individually and Personally

Address:                                       Address:
Phone:                                         Phone:

# EXHBIT B

## RELEASE

In consideration for $ (monetary amount ) paid to me in three annual payments by Defendant Mendota Restaurants, Inc., in connection with the resolution of EEOC v. Mendota Restaurants, Inc., 11 C 6845 (N.D. Ill.),  I waive my right to recover for any claims of sexual harassment, and/or retaliation arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a, that I had against Defendant Mendota Restaurants, Inc, prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Mendota Restaurants, Inc., 11 C 6845 (N.D. Ill.).


Dated: _____

_____
Name

_____
Address

# EXHIBIT C

## NOTICE TO ALL EMPLOYEES OF MENDOTA RESTAURANTS, INC.
### d/b/a Mendota KFC/Taco Bell

This Notice is being posted pursuant to a Consent Decree entered by the federal court in <u>EEOC v. Mendota Restaurants, Inc. d/b/a Mendota KFC/Taco Bell</u>, Nos. 11 C 6845, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Mendota Restaurants, Inc. d/b/a Mendota KFC/Taco Bell ("Defendant").

In its suits, the EEOC alleged that Defendant discriminated against employees by subjecting them to sexual harassment and/or retaliation for complaining about sex harassment and/or retaliation.

To resolve the claims and the litigation, Defendant and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Defendants will pay $150,000 to aggrieved former employees who were affected by the alleged discrimination;

2) Defendant will not discriminate against employees on the basis of sex and will not permit or engage in sexual harassment;

3) Defendant will not retaliate against any employee because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination or participated in any Title VII proceeding;

4) Defendant will provide mandatory training to all employees regarding sexual harassment, and retaliation, including mandatory training for Devang Brahmbhatt and Manuel Perez; and

5) A Monitor Dana M. Pearl of The Human Organization, Inc. will be appointed to receive, investigate and remedy any complaints of sexual harassment and retaliation for the duration of the Consent Decree. Dana M. Pearl can be contacted at (847) 869-9516 or at dana.pearl@humanorganization.com.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8000. EEOC charges no fees and has employees who speak languages other than English.

**<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>**
**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Mendota Restaurants, Inc. Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.**

12/20/12
_____
Date

_____
The Honorable Magistrate Judge Susan Cox